A93A0628. SOUTHERN FIRE & CASUALTY INSURANCE
COMPANY v. NORTHWEST GEORGIA BANK et al.
A93A0629. SOUTHERN FIRE & CASUALTY INSURANCE
COMPANY v. BELL et al.
(434 SE2d 729)

McMURRAY, Presiding Judge.

The estate of Bell ("estate") and Northwest Georgia Bank ("bank") brought suit against Southern Fire & Casualty Company ("Southern Fire") to collect insurance covering business premises occupied by John R. Woodruff and W. W. Auto Parts ("Woodruff"). Woodruff was named as a party defendant and he cross-claimed against Southern Fire seeking insurance proceeds and bad faith penalties under OCGA § 33-4-6.

The estate and the bank moved for summary judgment. Southern Fire moved for summary judgment with regard to Woodruff's bad faith penalties claim. We summarize the evidence adduced upon Southern Fire's motion as follows: Immediately after Woodruff's business premises caught on fire, an investigation was commenced. The investigators concluded that arson was the likely cause. Their conclusion was based on the pouring of flammable liquids in the business office, as well as a disengaged alarm system. Evidence of motive included $24,000 in the business' short-term liabilities. Evidence of opportunity included the fact that Woodruff was the last person to leave the building before it caught on fire. The grand jury also concluded that arson was the cause of the fire, as it returned an indictment against Woodruff.

The trial court granted summary judgment to the estate and the bank; it denied Southern Fire's motion with regard to Woodruff's bad faith penalties claim. Southern Fire appealed. In the meantime, Southern Fire settled with the estate and the bank. Thus, the primary issue to be decided on appeal is the issue of bad faith vel non. *Held*:

1. Southern Fire's motion to strike the references in Woodruff's brief to the deposition of Thomas C. Russe is denied. The trial court did not abuse its discretion in ordering that the record be supplemented with the deposition of Russe. OCGA § 5-6-41 (f).

2. "To support a cause of action under OCGA § 33-4-6, the insured bears the burden of proving that the refusal to pay the claim was made in bad faith. *Interstate Life &c. Ins. Co. v. Williamson*, 220 Ga. 323, 324 (2) (138 SE2d 668) (1964); *Royal Ins. Co. v. Cohen*, 105 Ga. App. 746, 747 (125 SE2d 709) (1962). 'A defen[s]e going far

enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defense to the action.' *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 765 (4) (12 SE 18) (1890); *Interstate Life &c. Ins. Co. v. Williamson,* 110 Ga. App. 557, 559 (1) (139 SE2d 429) (1964). 'Penalties for bad faith are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact.' *Fortson v. Cotton States Mut. Ins. Co.,* 168 Ga. App. 155, 158 (1) (308 SE2d 382) (1983)." *Central Nat. Ins. &c. v. Dixon,* 188 Ga. App. 680, 683 (5) (373 SE2d 849).

We think the evidence adduced upon Southern Fire's motion for summary judgment is sufficient to demonstrate that Southern Fire had reasonable grounds to contest Woodruff's claim. The mere fact that Woodruff may not have actually set the fire or that the investigation was not flawless is of no consequence. Southern Fire demonstrated that it did not refuse payment on the policy for "frivolous" or "unfounded" reasons. See *Fortson v. Cotton States Mut. Ins. Co.,* supra at 157. After all, "[a]n insurance company can prevail in an arson defense based solely on circumstantial evidence if it shows that the fire was of incendiary origin and that the plaintiff had both the opportunity and motive to have the fire set. [Cits.]" Id. at 158. Southern Fire was, therefore, entitled to summary judgment on the issue of bad faith penalties. See *Johnson v. Southeastern Fidelity Ins. Co.,* 178 Ga. App. 431, 436 (5) (343 SE2d 709). See also *Fortson v. Cotton States Mut. Ins. Co.,* supra. The trial court erred in ruling otherwise.

*Judgments reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JUNE 28, 1993 —
RECONSIDERATION DENIED JULY 30, 1993 — 

*Leitner, Warner & Moffitt, George Carpenter, Stuart F. James,* for appellant.

*Stophel & Stophel, Mark Warren, Clifton M. Patty, Jr.,* for appellees.