A04A0698. ALLSTATE INSURANCE COMPANY v. SMITH.
(597 SE2d 500)

ANDREWS, Presiding Judge.

Nedeidre Smith sued Allstate Insurance Company claiming Allstate breached the terms of her automobile insurance policy by refusing in bad faith to pay covered losses to her automobile caused by theft. A jury awarded Smith damages of $16,000 on the breach of policy claim, plus penalties under OCGA § 33-4-6 for bad faith refusal to pay the insurance claim in the amount of 50 percent of the breach of policy award ($8,000) and $4,000 in attorney fees. Allstate appeals claiming there was a lack of evidence to support the breach of policy award and the bad faith award. For the following reasons, we affirm in part and reverse in part.

1. Because we will affirm a jury verdict supported by any evidence, Allstate must demonstrate by the record that there was a lack of any evidence at trial to support the verdict. *Duncan v. Moore*, 275 Ga. 656, 658 (571 SE2d 771) (2002). In support of the breach of policy claim, Smith testified that her automobile was stolen from a parking lot at her residence, and produced evidence that it was recovered a few hours later by police with a broken window and fire damage to the interior. Smith's policy with Allstate provided coverage for losses to her automobile caused by theft up to a limit of "the actual cash value of the property or damaged part of the property at the time of loss" less any applicable deductible. The policy further provided that Allstate "may pay for the loss in money, or may repair or replace the damaged or stolen property." Although the policy provided that the insured and Allstate have a right to appoint disinterested appraisers to determine the loss amount payable, there is nothing in the

---

[23] See id. at 503 (3) (a); *Ingram v. State*, 262 Ga. App. 304, 309 (5) (585 SE2d 211) (2003).

record showing this method was used to determine the loss. Smith sued to collect the fair market value of her automobile at the time of the loss, which she alleged to be $16,000. At trial, however, Smith testified that, prior to filing suit, she had only asked Allstate to repair her automobile. Although Smith presented evidence which purported to show that her automobile had a fair market value of $16,000 at the time of the theft, she presented no evidence that her automobile was damaged in this amount as a result of the theft. The only evidence of monetary damage to the automobile caused by the theft was contained in Allstate documents admitted into evidence by Smith, which referred to the automobile as repairable and estimated the monetary loss at $7,332.23 less the $500 policy deductible.

We need not determine whether Smith produced evidence sufficient to show that her automobile had a fair market value of $16,000 at the time of the loss. Even if the automobile was worth $16,000, there was no evidence supporting the award of $16,000 to Smith on her breach of policy claim. We conclude, however, that Smith did produce evidence sufficient for the jury to find that Allstate breached the terms of the automobile policy by refusing to pay for loss to the automobile caused by the theft. Allstate refused payment under an exclusion in the policy providing that there was no coverage for a "loss caused intentionally by or at the direction of an insured person." In support of its refusal, Allstate pointed to evidence that Smith was involved in the alleged theft and was making a fraudulent insurance claim. However, Smith testified that she had no involvement in the theft of the automobile. This was sufficient to make a prima facie case of loss by theft within the terms of the policy and to shift the burden to Allstate to prove there was no coverage. *Canal Ins. Co. v. Savannah Bank &c. Co.*, 181 Ga. App. 520 (352 SE2d 835) (1987). The verdict in favor of Smith on her breach of policy claim shows that Allstate failed to carry its burden. There was evidence to support the jury's verdict finding that Smith's automobile suffered a loss caused by theft which was covered by the terms of the policy. Accordingly, we affirm the portion of the jury's verdict finding that there was a loss covered by the policy, but we reverse the portion of the verdict awarding Smith $16,000 on the breach of policy claim.

2. We also reverse the portion of the jury's verdict finding that Allstate refused to pay the claim in bad faith and awarding penalties under OCGA § 33-4-6 to Smith in the amount of 50 percent of the breach of policy award and for attorney fees.

In addition to the breach of policy claim, Smith alleged pursuant to OCGA § 33-4-6 that Allstate refused to pay the covered claim in bad faith.

> To support a cause of action under OCGA § 33-4-6, the insured bears the burden of proving that the refusal to pay the claim was made in bad faith. A defense going far enough to show reasonable and probable cause for making it, would vindicate the good faith of the company as effectually as would a complete defense to the action. Penalties for bad faith are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact.

(Citations and punctuation omitted.) *Southern Fire &c. Ins. Co. v. Northwest Ga. Bank,* 209 Ga. App. 867-868 (434 SE2d 729) (1993). The evidence showed that Allstate refused to pay on the basis of an investigation which produced evidence that Smith's claim under the policy was fraudulent. At trial, Allstate pointed to evidence supporting its position which showed the following: (1) that the interior fire in the automobile suffocated and burned out for lack of oxygen, showing that the fire was likely set before the window was broken out; (2) that no glass was found on the ground in the parking lot at Smith's residence where the automobile was parked prior to the reported theft, creating additional suspicion that the window was not broken out when the automobile was driven from Smith's residence; (3) that when the automobile was taken from the parking lot at Smith's residence, it was probably driven with a key because there was no evidence that the steering column lock or the ignition had been compromised or that the automobile had been "hotwired" and started without a key; (4) that Smith had the only keys to the automobile; and (5) that Smith had a motive to make the fraudulent insurance claim because evidence showed she was having trouble making timely payments due on the automobile.

The evidence showed that there was a genuine conflict over whether Smith's insurance claim was legitimate, and that Allstate's grounds for refusing to pay the claim were reasonable and not frivolous or unfounded. *Southern Fire &c. Ins. Co.,* 209 Ga. App. at 868. "It is the very fact that certain factual issues regarding the merits of a claim are in genuine conflict that causes there to be no conflict, as a matter of law, whether an insurance company had reasonable grounds to contest a particular claim." (Citation and punctuation omitted.) *Moon v. Mercury Ins. Co. &c.,* 253 Ga. App. 506, 509 (559 SE2d 532) (2002). Although there was evidence to support the jury's conclusion that Smith's claim was not fraudulent, and that Allstate was obligated to pay under the terms of the policy for loss to the automobile caused by the theft, there was a lack of evidence to support the jury's verdict finding that Allstate refused to pay in bad faith.

3. Allstate claims the trial court should have granted its motion for a mistrial made when Smith's counsel commented in the presence of the jury during colloquy over an objection that, if Smith were asked, she would testify that police never contacted her regarding possible involvement in the theft. Allstate argued that whether police thought Smith was involved in the theft was irrelevant to the issue of whether Allstate refused to pay in bad faith. Because we reversed the bad faith award for lack of evidence, this claim of error is moot.

*Judgment affirmed in part and reversed in part. Miller and Ellington, JJ., concur.*

DECIDED MARCH 19, 2004 — 

*Webb, Zschunke, Miller & Dikeman, Marvin D. Dikeman,* for appellant.

*William R. Hurst,* for appellee.