A05A1488. CHEROKEE NATIONAL LIFE INSURANCE
COMPANY v. EASON et al.
(622 SE2d 883)

JOHNSON, Presiding Judge.

In this appeal, we decide whether a jury properly awarded additional damages and attorney fees to an insured in an action brought against an insurance company, when the jury specifically found that the insurer's refusal to pay death benefits was not in bad faith. We hold that the additional damages were not authorized given the finding of no bad faith, and reverse that award. Because the attorney fee issue was not preserved for appeal, the award of attorney fees is affirmed.[1]

Cherokee National Life Insurance Company issued a credit life insurance policy to Joe Eason in October 1998. Eason died from cancer in April 2002, while the policy was still in effect. When Eason's wife filed a claim to collect the death benefits, Cherokee National refused to pay, stating that Eason had misrepresented the condition of his health at the time he applied for credit life insurance. Specifically, Cherokee National said that on his application he represented that "[t]o my best knowledge and belief I am in good health and for the past 5 years have not been diagnosed or treated for . . . heart disease." Cherokee National maintained that Eason was dishonest in that he had a heart attack in 1990 and had been treated by a cardiologist once a year since 1995.

Eason's wife sued Cherokee National, contending that its refusal to pay benefits was wrongful because (a) Eason had answered the question honestly, and (b) the policy contained a clause providing that if the policy had been in effect for two years, Cherokee National would continue coverage and pay benefits regardless of the policyholder's erroneous statement regarding his health.[2]

---

[1] The awards of damages for insurance coverage and interest are not before us, and are therefore affirmed.

[2] The "INCONTESTABLE CLAUSE" provides:

The validity of the Policy shall not be contested, except for nonpayment of premiums after it has been in force during the lifetime of the Insured Debtor for two years from the date of its issue; and, no statement made by any Insured Debtor concerning his insurability shall be used in contesting the validity of his insurance

The case was tried before a jury. In its charge, the trial court instructed the jury that litigation expenses are not generally allowed as part of damages, but if the defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense, attorney fees or other expenses would be allowed.

The jury was given a verdict form containing ten interrogatories.[3] One of the interrogatories, number 3, asked whether Cherokee National's refusal to pay was in bad faith. In interrogatory number 4, the jury was asked whether Cherokee National was being stubbornly litigious in refusing to pay the benefits. Interrogatory numbers 5, 6 and 9 asked whether Eason was entitled to receive insurance benefits, attorney fees and additional damages. The parties discussed the verdict form and its specific contents with the court before the form went out with the jury; no one objected to the inclusion of the stubborn litigiousness question on the form.

During deliberations, the jury sent a note to the trial court asking how the answer to interrogatory number 3 (whether Cherokee National acted in bad faith in refusing to pay) would affect attorney fees. The trial court remarked to counsel for both parties: "I think the answer to that is, if you answer yes to either it or Number 4, then you're entitled to award attorney's fees." Eason's attorney asked what interrogatory number 4 was. The court replied: "Stubbornly litigious." The court asked Cherokee National's attorney: "Do you agree with that?" Cherokee National's attorney responded that he did. The court announced that it would so instruct the jury.

When the jury reentered the courtroom, the court read the jury's note aloud, then reread the third and fourth interrogatories. The court stated:

---

after such insurance has been in force for a period of two years during such person's lifetime; nor, unless it is contained in a written instrument signed by him.

[3] The questions, along with the jury's answers, were:
(1) Did Joe Eason answer the medical disclosure question on the certificate correctly? *Yes.* (2) Had the credit life insurance been in effect for two years or longer during the lifetime of Joe Eason within the meaning of the group credit insurance certificate effective date 10/04/01? *Yes.* (3) Was the Defendant's refusal to pay the coverage to The Claxton Bank and the Estate of Joe Eason in bad faith? *No.* (4) Was the Defendant being stubbornly litigious in refusing to pay the Bank and Gloria Eason the proceeds of the insurance coverage? *Yes.* (5) Is the Bank and Gloria Eason entitled to recover the $49,616.19 amount of coverage as stated in the group credit insurance certificate effective 10/04/01? *Yes.* (6) Is Gloria Eason entitled to recover attorney's fees from the Defendant? *Yes.* (7) If so, what is the amount of attorney's fees she is entitled to recover? *$15,557.86.* (8) Is Gloria Eason entitled to recover interest in the amount of $5,252.99? *Yes.* (9) If so, is Gloria Eason entitled to recover damages from the Defendant? *Yes.* (10) If so, the amount of those damages are (limited to no more than fifty percent of $49,616.19) *$12,500.*

Either one of those or both being the answer positive allows you to then decide on the amount of attorney's fees, if any. There are two different ways you could get to attorney's fees, and either one of those would let you do that. So, an answer to positive to 3 or 4, and then it's in your discretion to award attorney's fees, if any.

Cherokee National did not object to this instruction.

The jury continued deliberations and then returned with its verdict. With the jury still present, the clerk published the verdict, reading aloud each interrogatory and answer. The court asked the attorneys if they wanted to look at the verdict form and then asked if there were any objections to the form or legality of the verdict. Both attorneys said there were no objections.

On appeal, Cherokee National contends that the additional damage award and attorney fee award cannot stand because the statute upon which Eason relies only allows additional damages and attorney fees where the insurer's refusal to pay was in bad faith.[4] Cherokee National argues that because the jury specifically found there was no bad faith, the awards are not authorized and must be vacated. We agree that the award of additional damages is not authorized given the finding of no bad faith, since a finding of bad faith is a prerequisite to an additional damage award against the insurer. The judgment is therefore reversed as to additional damages. We do not reach the issue of attorney fees because Cherokee National failed to preserve the issue for appeal.

1. *Additional damages.* Under OCGA § 33-4-6 (a), if an insurer refuses to pay a covered loss within 60 days after a demand has been made, *and a finding has been made that such refusal was in bad faith*, the insurer is liable to the insured for, in addition to the loss, not more than 50 percent of the liability for the loss or $5,000 and all reasonable attorney fees.

In her complaint as amended, Eason prayed for additional damages based on this statute, which requires a finding of bad faith for additional damages to be awarded. Eason cites, and we have found, no other authority for an award of additional damages for an

---

[4] OCGA § 33-4-6 (a) provides, in relevant part, that in the event of a loss which is covered by insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability or $5,000, whichever is greater, and all reasonable attorney fees for the prosecution of the action against the insurer.

insurer's refusal to pay a claim. Inasmuch as the jury specifically found that there was no bad faith in this case, those damages were not permitted.[5]

2. *Attorney fees.* Cherokee National contends the attorney fee award was unauthorized because the jury specifically found that it did not act in bad faith, and attorney fees are only permitted in cases against insurers where there is bad faith. Cherokee National acknowledges both that the jury found that it had been stubbornly litigious, and that OCGA § 13-6-11 provides for an award of fees in breach of contract cases where a party has been stubbornly litigious. Cherokee National urges, however, that litigation expenses under OCGA § 13-6-11 are not recoverable in an action based on OCGA § 33-4-6.[6] Cherokee National made no such argument below. In fact, it specifically acquiesced and aided in the jury's consideration of stubborn litigiousness as grounds for the award of attorney fees.

Cherokee National did not present to the trial court the position it argues on appeal — that an attorney fee award cannot be based on stubborn litigiousness in a breach of contract case brought against an insurer for failure to pay. Nor did it present the trial court with any legal support for its current position. At trial, Cherokee National permitted the verdict form to include an interrogatory which specifically referred to stubborn litigiousness, and it expressed no objection whatsoever to the interrogatory during a conference with the court in which the parties discussed the specific contents of the verdict form before the form was submitted to the jury. Cherokee National voiced no objection to the court's jury charge, which included an instruction that the jury could award attorney fees if it found stubborn litigiousness. Then, during deliberations, when the jury sought clarification from the court regarding the award of attorney fees, and the court proposed to instruct the jury that the jury could award fees if it found *either* stubborn litigiousness or bad faith, Cherokee National replied that such an instruction would be acceptable. The court gave the instruction as proposed, and Cherokee National again failed to state

---

[5] See *Allstate Ins. Co. v. Smith*, 266 Ga. App. 411, 412-413 (2) (597 SE2d 500) (2004).

[6] OCGA § 13-6-11 permits an award of litigation expenses generally in breach of contract cases where the defendant has acted in bad faith *or* has been stubbornly litigious. But see *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 871-872 (2) (310 SE2d 513) (1984), and *Howell v. Southern Heritage Ins. Co.*, 214 Ga. App. 536, 537 (2) (448 SE2d 275) (1994) (where the legislature has provided a specific procedure and a limited penalty for noncompliance with a specific enactment, such as OCGA § 33-4-6, the limited penalty and procedure were intended by the legislature to be the exclusive procedure and penalty, and recovery under general penalty provisions such as OCGA § 13-6-11 will not be allowed). See also *Lincoln Nat. Life Ins. Co. v. Davenport*, 201 Ga. App. 175, 176 (410 SE2d 370) (1991), and *Globe Life &c. Ins. Co. v. Ogden*, 182 Ga. App. 803, 804 (1) (357 SE2d 276) (1987) (insofar as an insured's action against the company is based on a mere breach of contract, this remedy is exclusive).

any objection. We note that Cherokee National even failed to raise the issue of the applicability of OCGA § 13-6-11 to the case in its motion for a new trial.

No party may complain of the giving of an instruction to the jury unless he objects thereto before the jury returns its verdict.[7] While appellate courts shall consider an erroneous charge where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made, this principle does not apply where the alleged error is induced at trial by counsel for the complaining party or specifically acquiesced in by counsel.[8] It is always the duty of counsel, as officers of the court, to aid the trial judge in presenting the issues to the jury.[9] If Cherokee National believed that OCGA § 13-6-11 would not apply in a case brought under OCGA § 33-4-6, Cherokee National had a duty to so inform the trial court.[10] In this case, it had the opportunity to do so before the attorney fee issue even reached the jury.[11] Cherokee National cannot now complain on appeal of alleged error which it induced and in which it specifically acquiesced.[12]

The fact that the trial court told counsel they could reserve objections to the charge until after the transcript was prepared does not mean the attorney fee issue was preserved for appeal. Cherokee National did not merely fail to object to the charge; it also failed to object to the verdict form or legality before deliberations began (knowing that the form called for the jury to consider the issue of stubborn litigiousness), stated that it had no objection to the form of the verdict after it was returned, failed to object to either the court's proposed or actual response to the jury's inquiry regarding stubborn litigiousness and attorney fees, and specifically agreed with the court's proposed instruction that would allow the jury to consider stubborn litigiousness in determining whether attorney fees would be awarded. A litigant cannot acquiesce to a trial court's ruling and then assign error to it later.[13] Nor can a party complain of an error which its own conduct procured or aided in causing.[14] Induced error furnishes no ground for reversal.[15] Accordingly, this enumeration presents no basis for reversal.

---

[7] *Irvin v. Oliver*, 223 Ga. 193, 196 (2) (154 SE2d 217) (1967).

[8] Id.

[9] See id.

[10] See *Little v. Chesser*, 256 Ga. App. 228, 232-233 (3) (568 SE2d 54) (2002).

[11] See id.

[12] See *Irvin*, supra.

[13] *Little*, supra.

[14] See *Ingram v. Harper*, 194 Ga. App. 209, 211-212 (3) (390 SE2d 416) (1990).

[15] *Little*, supra.

*Judgment affirmed as to damages for attorney fees, insurance coverage and interest, and reversed as to additional damages. Ruffin, C. J., and Barnes, J., concur.*

DECIDED NOVEMBER 2, 2005.

*Anderson Dailey, Stephen J. Anderson, Sam L. Brannen*, for appellant.
*Dubberly & McGovern, Bruce D. Dubberly, Jr.*, for appellees.