A06A1252. HARPER v. HURLOCK et al.

(635 SE2d 874)

MIKELL, Judge.

In this action alleging breach of contract and negligence in connection with the construction of a home, builder Lisa M. Harper appeals the jury verdict in favor of homeowners James V. Hurlock, Jr., and Kimberly J. Hurlock, contending that the trial court erred by permitting the jury to deliberate after a witness removed "a critical piece of evidence" from the courtroom. We affirm.

In their complaint, the Hurlocks alleged, among many defects, "[i]mproper grading resulting in negative grade sloping toward house." During the trial, plaintiffs called Jason Banks to testify as an expert in estimating the costs of landscaping projects to repair the grading problem. Banks testified that the Hurlocks' property had a "negative drainage" problem which caused water to run toward their home. Banks proposed a solution to the drainage problem, estimating that it would cost approximately $6,300 to implement, and explained that solution to the jury. During his explanation Banks relied on a "rough" diagram he produced while waiting to testify.[1] The diagram was admitted as "Plaintiff's Exhibit P-35," and was written on the back of Banks' estimate which had been tendered as "Plaintiff's Exhibit P-29" but never admitted. At the close of the testimony, plaintiffs' counsel noted that Banks took home P-35. Harper's counsel replied, "[y]ou can put in 29 and we can just explain that he took the other one with his diagram with him." The trial judge then instructed the jury as follows:

---

[1] According to Harper, the diagram consisted of sketches and annotations of a $500 wall that Banks proposed to construct to alleviate the drainage problem.

Ladies and gentlemen, let me first tell you that we have discovered during the break that Mr. Banks took with him what was Plaintiff's Exhibit 35, which had his estimate on one side and his diagram on the other. You had seen the diagram because he held it up to you there in front of the jury box. And we have substituted *without objection* Plaintiff's Exhibit 29, which is another copy of Mr. Banks' estimate. It just does not have the drawing on the other side, so you'll just have to use your collective memory about that drawing since we do not have that.

(Emphasis supplied.) Harper did not object to the court's instruction.

Pretermitting whether the diagram was "a critical piece of evidence," the record clearly reflects that Harper's counsel not only stated that he had no objection to the evidence, but actually suggested that plaintiffs' counsel substitute Exhibit 29 for the missing diagram. Harper "cannot now complain on appeal of alleged error which [she] induced and in which [she] specifically acquiesced."[2] Self-induced error furnishes no ground for reversal.[3]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED AUGUST 24, 2006.

*Sell & Melton, Mary E. Hand*, for appellant.
*Lane & Jarriel, Walter J. Lane, Jr.*, for appellees.

---

[2] (Footnote omitted.) *Cherokee Nat. Life Ins. Co. v. Eason*, 276 Ga. App. 183, 187 (2) (622 SE2d 883) (2005).

