A07A0655. VIDEO WAREHOUSE, INC. v. NEWSOME et al.
(648 SE2d 124)

BERNES, Judge.

Video Warehouse, Inc. appeals from the trial court's order dismissing the instant wrongful death action without prejudice. Finding that any error committed by the trial court was induced by Video Warehouse's own arguments and pleadings, we affirm.

Following a deadly motor vehicle accident, appellee Felicia Newsome, as surviving spouse and administratrix of the estate of David Lee Dozier, and as next friend of the surviving minor children Delisha Newsome, Darius Dozier and Kendrick Dozier, commenced this wrongful death action against appellant Video Warehouse, Inc. and its alleged employee, David Glenn Lee. Although Newsome filed the summons and complaint in the Superior Court of Quitman County, the summons and complaint had an incorrect caption stating that the case was being commenced in the "State Court of Quitman County," a court that does not exist.

Lee answered and filed a counterclaim. In turn, Video Warehouse filed a special appearance and answer. In its answer, Video Warehouse did not raise any counterclaims but did raise multiple affirmative defenses, including that the action was a legal nullity, that the trial court lacked personal and subject matter jurisdiction, and that process was improper, all "because the 'State Court of Quitman County' does not exist." Contemporaneous with the filing of its answer, Video Warehouse moved to dismiss the action under OCGA § 9-11-12 (b) on several grounds, including improper service

and lack of personal and subject matter jurisdiction, again on the basis that the action had purportedly been filed in a nonexistent state court. Additionally, Video Warehouse filed a notice of removal in which it removed the action to the State Court of Coffee County. See OCGA § 14-2-510 (b) (4) (providing that if a tort case is brought in the county "where the cause of action originated," and if that is the sole basis for establishing venue in that county, "the defendant shall have the right to remove the action to the county in Georgia where the defendant maintains its principal place of business").

Newsome did not respond to Video Warehouse's motion to dismiss or contest the removal. Instead, Newsome filed a notice of voluntary dismissal without prejudice of its action against both defendants in the State Court of Coffee County. See OCGA § 9-11-41 (a) (1) (A) (providing that "an action may be dismissed by the plaintiff, without order or permission of court[ ] . . . [b]y filing a written notice of dismissal at any time before the first witness is sworn"). Video Warehouse thereafter moved to strike Newsome's notice, contending that Newsome was required to obtain court permission for the dismissal because a counterclaim had been filed by co-defendant Lee, and that Newsome also was required to demonstrate that the counterclaim could remain pending for independent adjudication. See OCGA § 9-11-41 (a) (2) ("If a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.").

After hearing oral argument from the parties,[1] and "having reviewed the file as transferred from the Superior Court of Quitman County," the State Court of Coffee County entered an order stating: "This Court . . . finds that this action was never properly filed in the first instance. This action was filed by plaintiff in the 'State Court of Quitman County.' No such Court exists. THEREFORE, this Court DISMISSES this action without prejudice." Video Warehouse now appeals from that order.

Video Warehouse contends that the trial court erred in basing its dismissal order on the "mistaken premise" that the action was never properly filed, given Newsome's filing of the original lawsuit in a state court that does not exist. Video Warehouse further asserts that the trial court erred in dismissing the action because Newsome filed a notice of voluntary dismissal rather than a motion seeking the trial court's permission to dismiss, and because the trial court never

---

[1] The oral argument hearing apparently was not transcribed.

considered whether the counterclaim filed by co-defendant Lee could remain pending for independent adjudication.

Under the circumstances, we find no basis for reversal. The trial court's order simply adopted the reasoning advocated by Video Warehouse as a basis for dismissal in its own motion to dismiss also pending before the trial court at that time. Hence, even if the trial court committed error, Video Warehouse cannot now complain since it induced the error through its own argument in its motion to dismiss.[2] "A party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him." (Citation and punctuation omitted.) *Toberman v. Larose Ltd. Partnership*, 281 Ga. App. 775, 780 (2), n. 2 (637 SE2d 158) (2006). See also *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 130 (6) (610 SE2d 529) (2005) ("A party cannot complain of [an] . . . order . . . that his own conduct produced or aided in causing.") (punctuation and footnote omitted). Accordingly, Video Warehouse has failed to assert a valid ground for reversing the trial court. See *Harper v. Hurlock*, 281 Ga. App. 265, 266 (635 SE2d 874) (2006) ("Self-induced error furnishes no ground for reversal.").

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 11, 2007.

*Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr.*, for appellant.

*Page, Scrantom, Sprouse, Tucker & Ford, J. Ronald Mullins, Jr., Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, Timothy M. O'Brien, Carlock, Copeland, Semler & Stair, Jeffrey A. Brown, Michael W. Slocumb, William J. Murray*, for appellees.

---

[2] We also note that to the extent Video Warehouse challenges the dismissal of the counterclaim because the trial court did not consider whether that claim could remain pending for independent adjudication, Video Warehouse lacks standing to do so, since it was not a party to the counterclaim. See *Dyer v. Paffenroth*, 197 Ga. App. 888, 890 (2) (399 SE2d 710) (1990).