**FIRST DIVISION
BARNES, P. J.,
GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**April 7, 2020**

# In the Court of Appeals of Georgia

A20A0523. MARY ALLEN REALTY & MANAGEMENT, LLC et al. v. HARRIS et al.

PHIPPS, Senior Appellate Judge.

In October 2018, Jesse Harris, Arquaviaus Harris and Andria Cox (collectively, "Plaintiffs") filed a pro se action in the Magistrate Court of Rockdale County against their landlord, Sharon Shahadat, and her property manager, Mary Allen Realty & Management, LLC ("Mary Allen Realty"), (collectively "Defendants") for the "violation of quiet enjoyment" because of events that gave rise to the early termination of their lease. The Defendants filed an answer and a counterclaim, seeking late fees owed under the lease as well as $25,000 in damages allegedly caused by Plaintiffs' water damage to the leased property and attorney fees. The case was then transferred to the State Court of Rockdale County. After a bench trial, the

trial court entered a judgment in favor of Plaintiffs in the amount of $15,145 because the trial court found "a pattern of behavior on the part of the Defendants that rises to the level of a breach of the implied covenant of quiet enjoyment." Defendants appeal from that order,[1] arguing that the Plaintiffs had not proved the breach of the implied covenant of quiet enjoyment and that the management company should not have been liable for the damages. For the following reasons, we affirm.

"In a bench trial, the trial court's findings will be upheld on appeal where there is any evidence to support them. Findings of fact made by the trial court in a nonjury trial may not be set aside unless they are clearly erroneous." *Hayes v. Alexander*, 264 Ga. App. 815, 815 (592 SE2d 465) (2003).

Viewed in this light, the evidence shows that Shahadat is the owner and landlord of 2220 Primrose Place Lane in Lawrenceville. Shahadat entered into an "Exclusive Leasing/Management Agreement" with Mary Allen Realty to "exclusively rent, lease, operate and manage" the property on Shahadat's behalf. Mary Allen Realty was authorized to procure a tenant and act as property manager.

On October 30, 2017, Shahadat entered into a 36-month lease with Plaintiffs for the rental of the property at the rate of $1,945 per month. The lease identified

---

[1] Plaintiffs did not file a response brief with this Court.

Shahadat as the landlord and Mary Allen Realty as the "Listing Broker" and "Manager" of the property. The lease provided that the landlord had "the right to terminate the Lease early upon not less than 60 days notice."

During the move-in inspection, issues with the basement bathroom were identified that caused a delay in the move in date.

Within the first month of moving into the home, Plaintiffs reported issues with the plumbing and electricity to Mary Allen Realty. An electrician was dispatched to the house, who determined that the electrical issue was merely a quirk of the house requiring a switch to be flipped before the wall outlets would activate. The Plaintiffs also emailed Mary Allen Realty about a plumbing issue involving a toilet that frequently overflowed and low water pressure. After these complaints and other instances where the Plaintiffs informed Mary Allen Realty, per the terms of the lease, of issues in the house, Mary Allen Realty threatened the Plaintiffs in January 2018 with early termination because they made too many requests to repair things around the house.

In July 2018, Mary Allen Realty instructed the Plaintiffs to be present at the home so that a garage repairman could come. Mary Allen and the repairmen were late to the scheduled appointment, so Mr. Harris left for work and let his minor child

3

escort Mary Allen into the home. While the adults were away from the house, the Plaintiffs locked the master bedroom to keep a suicidal family member away from harmful things, such as cleaning supplies and medicine. Mary Allen Realty threatened to charge the Plaintiffs a $150 fine because the room was locked. During this inspection, Mary Allen threatened the minor children and told them that they were being evicted.

A year later, on September 10, 2018, Plaintiffs reported that the kitchen sink "completely collapsed" while the family was cooking. They reported the issue to Mary Allen Realty, who told them that Artisan Kitchen and Bath would call them to arrange a repair. When the issue had not been repaired by September 20, 2018, the Plaintiffs called code enforcement. It was repaired on September 21, 2018. The Plaintiffs also reported an issue with the HVAC unit not being adequate to cool the home appropriately.

Mary Allen Realty then exercised the early termination clause in the lease and gave the Plaintiffs sixty days notice to vacate for failure to pay rent. The Plaintiffs fought the termination in the Magistrate Court of Gwinnett County, showing that they had timely tried to pay rent in cash, but that the bank did not accept it because of a new policy.

The Plaintiffs notified Mary Allen Realty that the plumbing problems persisted: there was smell of sewage in the home and low water pressure. Mary Allen wrote a letter to the Plaintiffs instructing them that a plumber would arrive on October 17, 2018. However, the plumber never arrived. Plaintiffs continued to report the smell of sewage and rotten eggs in the home to Mary Allen Realty.

Plaintiffs again reported a foul sewage smell in the home to Mary Allen Realty. The plumber that was dispatched to the home stated that the home's sump pump was not working, that sewage was backed up into the home, and that it could not be fixed that day because he needed to order a part. The plumbers did not return and on November 7, 2018, the home flooded. The home became uninhabitable because there was sewage-filled water damage on all three floors of the home, and the kitchen ceiling was about to cave in. Rather than hire a restoration company to remediate the damage, Mary Allen Realty sent a 17-year-old with a shop vac. Although the Plaintiffs had to move to another home during this period, the rent was not prorated. The Plaintiffs lost some furniture and possessions due to the flood and were financially harmed as a result of having to move at the last minute.

The Plaintiffs then filed a pro se action in the Magistrate Court of Rockdale County, which was later transferred to the Rockdale County State Court, for the

"violation of quiet enjoyment" because of events that gave rise to the early termination of their lease. The Defendants' counterclaim alleged that the Plaintiffs "negligent[ly] caused this flood or intentionally did it in retaliation for the notice of termination." At the conclusion of the bench trial held in July 2019, the trial court issued an order concluding that there "was a pattern of behavior on the part of the Defendants that rises to the level of a breach of the implied covenant of quiet enjoyment on a consistent basis for over half of the term the plaintiffs resided in the lessor's premises." The trial court found in favor of the Plaintiffs and awarded them $15,000 plus court costs. The trial court also found in favor of the Plaintiffs on the Defendants' counterclaim.

1. Appellants argue that the trial court erred by finding that they breached the implied covenant of quiet enjoyment. Citing to *George v. Hercules Real Estate Svcs., Inc.*, 339 Ga. App. 843 (795 SE2d 81) (2017), the Defendants argue that the Plaintiffs did not prove their claim that the Defendants breached the implied covenant of quiet enjoyment. It is true that in *George*, supra, this Court held that

> [t]o constitute a breach of the covenant of . . . quiet enjoyment, an eviction or equivalent disturbance by title paramount must occur, and the mere existence of an outstanding paramount title will not constitute a breach. Further, a covenant for quiet enjoyment of the premises is

6

necessarily implied in every lease and goes to the extent of representing that the landlord has a good title and can give a free and unencumbered lease of the premises for the term stipulated. Thus, to establish a breach of quiet enjoyment, [the plaintiff] has the burden to prove that [the landlord] did not have good title to lease him the premises or that someone else had paramount title.

(Punctuation and footnotes omitted; emphasis omitted). Id. at 88 (2) (a) (i). Because the plaintiff's claims in *George*, supra, did not concern the issue of paramount title, this Court held that they did not implicate the covenant of quiet enjoyment. In doing so, this Court explicitly disapproved a long line of cases that conflated the standard for the implied warranty of quiet enjoyment with constructive eviction. Id. See, e. g., *Jaraysi v. Sebastian*, 318 Ga. App. 469, 473 (1) (733 SE2d 785) (2012); *Myung Sung Presbyterian Church, Inc. v. North American Assoc. of Slavic Churches & Ministries, Inc.*, 291 Ga. App. 808, 812-813 (3) (662 SE2d 745) (2008) (holding that "[a] lessee who remains in possession of the leased premises may establish a breach of the implied covenant of quiet enjoyment by showing that the lessor substantially interfered with the lessee's right to use and enjoy of the premises." (citations and punctuation omitted.))

7

However, the Defendants did not bring *George*, supra, decided nearly three years before, to the trial court's attention during the bench trial or in a motion for new trial. In fact, the Defendants' trial counsel argued to the trial court the law as it existed under the cases recently disapproved by *George*, supra. See *George*, at 849-850 (2) (a). The Defendants cannot now complain since they induced the error through their own argument at trial. "A party will not be heard to complain of error induced by [their] own conduct, nor to complain of errors expressly invited by him." (Citation omitted.) *Video Warehouse, Inc. v. Newsome*, 285 Ga. App. 786, 788 (648 SE2d 124) (2007). "To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, 'He must stand or fall upon the position taken in the trial court.'" (Punctuation and footnotes omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002). Accordingly, the Defendants have failed to assert a valid ground for reversing the trial court. See *Harper v. Hurlock*, 281 Ga. App. 265, 266 (635 SE2d 874) (2006) ("Self-induced error furnishes no ground for reversal").

2. Appellants argue that the trial court erred by finding Mary Allen Realty, an agent of the landlord, liable for a breach of implied covenant of quiet enjoyment. However, because the Defendants did not raise this argument during the bench trial

below, they are now estopped from raising it for the first time in this Court. See

*Nugent*, supra.

    *Judgment affirmed. Barnes, P. J., and Gobeil, J., concur*.