[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13200

Non-Argument Calendar

_____

TRAVIS RIDDLE,

Plaintiff-Appellant,

*versus*

HERITAGE PROPERTY & CASUALTY
INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:23-cv-00006-LGW-BWC

_____

Before JILL PRYOR, KIDD, and TJOFLAT, Circuit Judges.

PER CURIAM:

This case arises from a dispute over an insurance claim. After Travis Riddle's Atlanta property was vandalized, he submitted a claim under his homeowner's insurance policy. Heritage Property & Casualty Insurance Company denied the claim, citing material misrepresentations in Riddle's statements and documentation. Riddle sued, asserting breach of contract and bad-faith denial. The District Court granted summary judgment to Heritage. Finding no reversible error, we affirm.

**I.**

In March 2021, Travis Riddle applied for a homeowner's insurance policy with Heritage Property & Casualty Insurance Company. On the application, he stated that he resided at the insured property—a house in Atlanta, Georgia, that he had previously used as a rental.[1] Heritage issued the policy, which covered the dwelling, personal property, and additional living expenses.

After the Heritage policy started, Riddle hired contractors to renovate the house. On May 14, 2021, Heritage notified Riddle that it was cancelling the policy effective June 12, 2021, for rea-

_____

[1] Earlier in 2021, a cousin of one tenant allegedly killed another tenant in the front yard of the property. Riddle purportedly decided to permanently reside in the house after the killing.

sons including excessive debris on the property and vacancy of the house.

On May 26, 2021, Riddle's girlfriend discovered that the house was vandalized. She contacted the South Fulton Police Department, which noted damage to walls, a window, and a tile. She did not report any stolen property.

Also on May 26, Riddle reported the claim to Heritage. He stated there was damage to the house and was "unsure if any items were taken."

That changed nearly two months later. In July, Riddle updated the police report to include a list of allegedly stolen property. For the first time, he claimed that two 85-inch Samsung televisions were stolen.

In December 2021, Heritage examined Riddle under oath. Riddle, for the first time, asserted that the vandals knocked over a refrigerator, causing flooding throughout the house. In February 2022, Riddle submitted a sworn proof-of-loss statement demanding over $160,000 in damages, including nearly $20,000 for personal property and $15,200 for temporary housing expenses.

Heritage found several aspects of Riddle's claim suspicious. For one, the television story was inconsistent. Also damaging was a sworn election affidavit Riddle submitted three months after the vandalism. In August 2021, he filed to run for mayor of Brunswick, Georgia. In that filing, Riddle declared under oath that he had been a legal resident of Brunswick—not Atlanta—during the pertinent policy period. That timeline directly contradicted his

earlier representation to Heritage that the Atlanta property was his primary residence when the policy was issued in March 2021.

Based on these discrepancies, Heritage denied the claim. It invoked the policy's "Concealment or Fraud" provision, which voids coverage if an insured makes material misrepresentations before or after a loss. As a second reason, Heritage denied the claim because it concluded the house was vacant for more than sixty days preceding the vandalism incident. Heritage's policy did not cover vandalism to vacant properties.

Riddle sued Heritage for breach of contract and bad-faith denial. The District Court granted summary judgment for Heritage. Riddle timely appeals.

## II.

We review de novo the District Court's order granting summary judgment. *Hardigree v. Lofton*, 992 F.3d 1216, 1223 (11th Cir. 2021). "Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

## III.

### A.

We begin with the District Court's determination that Heritage did not breach its contract with Riddle. Under Georgia law, an insurer may void a policy and deny a claim where the insured has made material misrepresentations in connection with that

claim. *Perry v. State Farm Fire & Casualty Co.*, 734 F.2d 1441, 1443–44 (11th Cir. 1984) (per curiam). A misrepresentation is material if it would influence a prudent insurer in deciding whether to issue a policy, accept a risk, or settle a claim. *Id.* at 1443.

The Heritage policy contains a fraud and concealment clause. That provision states that the policy is void "if, whether before or after a loss, an 'insured' has: (1) Intentionally concealed or misrepresented any material fact or circumstance; (2) Engaged in fraudulent conduct; or (3) Made false statements." The District Court concluded that Riddle violated this clause in several respects. The record supports that conclusion.

One such misrepresentation concerned items Riddle claimed were stolen. Although his initial report made no mention of missing property, he later asserted that two 85-inch televisions had been taken and included them in his sworn proof-of-loss statement. Later, during Riddle's deposition, he admitted he never saw the televisions in the Atlanta house and that they belonged to his girlfriend. But his girlfriend testified that her televisions were never at Riddle's house. The claim for the televisions lacked any corroborating evidence and directly conflicted with other statements in the record. No reasonable jury could find it anything but a knowing misrepresentation or intent to defraud.

Riddle's misrepresentation regarding his residency further supports summary judgment. In his insurance application, he identified the Atlanta property as his primary residence. Yet he also executed an affidavit as part of his candidacy for the mayoral-

ty of Brunswick attesting that he had continuously resided in Brunswick for the preceding eighteen months. The two sworn statements cannot be reconciled.[2] Heritage's policy required occupancy, and no reasonable jury could find that these conflicts in Riddle's statements indicated anything other than a knowing misrepresentation about his residency.

Heritage reasonably invoked the fraud provision of the policy. And because Georgia law permits an insurer to void a policy based on a material misrepresentation, the District Court appropriately granted summary judgment on Riddle's breach-of-contract claim.

## B.

Riddle also alleged that Heritage denied his claim in bad faith. "[B]ad faith . . . is defined as any frivolous and unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy." *Ga. Farm Bureau Mut. Ins. v. Williams*, 597 S.E.2d 430, 432 (Ga. Ct. App. 2004)

---

[2] On appeal, Riddle contends that the affidavit merely inquired whether he had ever resided in Brunswick, not whether he was a resident at any particular time. That interpretation finds no support in law, logic, or the plain text of the form. The affidavit required him to attest that he was "an elector of the county/municipality of [his] residence eligible to vote in the election in which [he is] a candidate," and then to state for how many "consecutive years" he had so resided. Under Riddle's reading, a candidate could list any jurisdiction in which he had ever lived—regardless of when or for how long—and claim it as his qualifying residence. The form does not permit such a construction, nor would any reasonable understanding of residency or election law.

24-13200                Opinion of the Court                        7

(citation and internal quotation marks omitted). That standard is not met here. Heritage's decision rested on several inconsistencies in Riddle's account of the damage and loss, including contradictory sworn statements and the absence of corroborating evidence. Riddle failed to create a genuine dispute of material fact as to bad faith. *See Allstate Ins. v. Smith*, 597 S.E.2d 500, 502 (Ga. Ct. App. 2004). The District Court appropriately granted summary judgment for Heritage.

## IV.

For these reasons, we affirm the District Court's judgment.

**AFFIRMED.**