*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0053P (6th Cir.)
File Name: 00a0053p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ALLEN W. ROSE,
　　　*Plaintiff-Appellant,*

　　　*v.*

HARTFORD UNDERWRITERS
INSURANCE COMPANY,
　　　*Defendant-Appellee.*



No. 98-4286

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 98-00600—James S. Gwin, District Judge.

Argued and Submitted: December 7, 1999

Decided and Filed: February 14, 2000

Before: JONES, BATCHELDER, and MOORE, Circuit
Judges.

───────────────

## COUNSEL

**ARGUED:** Robert Chudakoff, ULMER & BERNE,
Cleveland, Ohio, for Appellee. **ON BRIEF:** Edward C.
Pullekins, GENOVESE & PULLEKINS, Akron, Ohio, for

Appellant.    Robert Chudakoff, ULMER & BERNE, Cleveland, Ohio, for Appellee.

---------

**OPINION**

---------

KAREN NELSON MOORE, Circuit Judge. Plaintiff Allen Rose appeals the district court's denial of his motion to amend his original complaint in this insurance coverage dispute.  The district court issued a marginal entry order denying Rose's motion to amend his complaint, but the district court failed to provide any explanation for its decision.  Because the district court's denial of the motion to amend without explanation qualifies as an abuse of discretion, and because this abuse of discretion does not amount to a harmless error, we **REVERSE** the district court's denial of the motion to amend, and **REMAND** the case to the district court for further proceedings consistent with this opinion.

## I.  BACKGROUND

This case involves a dispute between the parties over Hartford Underwriters Insurance Company's financial responsibility for a February 14, 1997 fire that destroyed Rose's home in Akron, Ohio.  Hartford acknowledges that it had provided Rose with a policy that was effective at the time of the fire, but the insurance company refused to honor its policy after the company's investigators determined that the fire had been set intentionally.  Hartford's investigation revealed that the fire had been started in four separate areas of the home, and two samples of debris taken from Rose's home tested positive for the presence of a flammable liquid substance. On October 24, 1997, Hartford informed Rose that it had decided to deny payment of his claims on grounds that Rose had engaged in arson and had made material misrepresentations regarding the policy.  According to the parties, Rose was later indicted and arrested for arson related to the fire in January of 1998, but was subsequently acquitted of the arson charges.  Rose's Br. at 6; Hartford's Br. at 4.

On February 18, 1998, Rose filed a complaint in Summit County Common Pleas Court in which he alleged that Hartford breached the insurance contract when the company denied his claim. Hartford subsequently removed the case to federal district court on grounds that the district court had diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332. On May 13, 1998, Rose filed a motion to amend his original complaint and sought leave to include additional allegations that charged Hartford with acting in bad faith when it denied him coverage under the fire insurance policy. Rose asserted that the bad faith claim had been "inadvertently omitted" from the original complaint, and he claimed that he had discovered "additional information" that supported the bad faith claim. Hartford responded by filing a brief in opposition to Rose's motion to amend in which it argued that the addition of Rose's bad faith claim would be futile because Rose had been indicted on arson charges. Hartford did not, however, attach any evidentiary material to its response, such as the actual indictment that charged Rose with arson. On June 18, 1998, the district court issued a marginal entry order and denied without explanation Rose's motion to amend his complaint.

On August 4, 1998, Hartford filed a motion for summary judgment in which it argued that Rose's remaining breach of contract claim was barred as a matter of law by the one-year statute of limitations set forth in the fire insurance policy. The fire insurance policy stated that "[n]o action can be brought unless the policy provisions have been complied with and *the action is started within one year after the date of loss*." J.A. at 124 (Hartford Ins. Policy) (emphasis added). Hartford argued that this language barred Rose's breach of contract claim because the fire destroyed Rose's home on February 14, 1997, and he did not file his complaint against Hartford until February 18, 1998. The district court agreed that Rose's failure to file his complaint within the one-year period in the policy barred his breach of contract claim, and, as a result, the district court granted summary judgment in favor of Hartford on September 18, 1998.

Rose now appeals the district court's decision to deny his motion to amend his original complaint. Because Rose's initial appellate brief does not address the district court's grant of summary judgment on his breach of contract claim, we limit our review to the district court's decision to deny Rose's motion to amend his original complaint. Indeed, Rose abandoned any argument relating to the district court's grant of summary judgment on the breach of contract claim when he failed to raise this issue on appeal. *See McMurphy v. City of Flushing*, 802 F.2d 191, 198-99 (6th Cir. 1986).

## II. ANALYSIS

### A. Rose's Motion to Amend His Original Complaint

Rose contends that the district court erred when it denied his motion to amend his original complaint, which prevented him from adding a claim of bad faith against Hartford in this insurance dispute. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." We review a district court's order denying a Rule 15(a) motion to amend for an abuse of discretion. *General Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990).

Although a district court has discretion to deny a motion to amend a complaint after an answer has been filed, we have held on several occasions that a district court abuses its discretion when it fails to state a basis for its decision to deny a motion to amend. *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999); *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("[An] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."). In the present case, the district court issued a marginal entry order denying Rose's motion for leave to amend his complaint, but it did not provide a justification or explanation for its denial. Because the district court denied Rose's motion without explanation, it has clearly abused its discretion in this case.

reasonable justification therefor.") (quoting *Staff Builders, Inc. v. Armstrong,* 525 N.E.2d 783, 788 (Ohio 1988)).

If an insured is indicted *before* an insurance company refuses to honor its policy, by contrast, then an indictment on arson charges certainly would be strong evidence that shows that the insurance company had a reasonable justification for the denial of a fire insurance claim, assuming that the insurance company knew about the indictment at the time it refused to honor the claim. Nevertheless, a per se rule or conclusive presumption is not appropriate because cases could exist in which a prosecutor has maliciously pursued arson charges against an individual, or an insurance company has tampered with a grand jury. We believe that the better approach is to apply ordinary summary judgment principles, even in cases where a criminal indictment on arson charges has led an insurance company to refuse to honor a fire insurance claim. Thus, upon a summary judgment motion or a conversion of a Rule 12(b)(6) motion with the requisite notice to the parties, a court should consider the indictment – along with all the other evidence in the record – in the light most favorable to the non-moving party when deciding whether a reasonable juror could conclude that an insurance company had a reasonable justification for refusing to provide coverage under an insurance policy.

Here, however, Rose filed a motion for leave to amend the complaint, which was opposed by Hartford and summarily denied by the district court. Under these circumstances, it is premature to undertake a summary judgment evaluation.

## III. CONCLUSION

The district court clearly abused its discretion when it denied Rose's motion to amend without providing an explanation for its decision. Because the district court's abuse of discretion does not amount to a harmless error, we **REVERSE** the district court's denial of the motion to amend, and **REMAND** the case to the district court for further proceedings consistent with this opinion.

plaintiff who had been indicted on arson charges could not assert a bad faith claim against his insurance company. As the district court explained, "The law appears well-settled that 'where an insured is indicted for arson in connection with a fire loss, the insurer's conclusion that the insured was responsible for the loss is reasonably justified, and he is precluded from recovery of 'bad faith' damages.'" *Koenig,* 3:94-CV-7201 at 6 (quoting *Southern Fire & Cas. Ins. Co. v. Northwest Georgia Bank,* 434 S.E.2d 729, 730-32 (Ga. Ct. App. 1993)).

Both *Koenig* and *Thomas* can be distinguished from the present case, however, because these cases involved a bad faith claim that was dismissed on a motion for summary judgment, whereas the dispositive issue in the present case turns on whether Rose's proposed bad faith claim could survive a Rule 12(b)(6) motion to dismiss. As we discussed above, the addition of a bad faith claim to a complaint is not necessarily futile even if the claim may ultimately be dismissed on a motion for summary judgment. Furthermore, we do not believe that the Ohio Supreme Court, if given the opportunity to address the issue, would follow *Koenig* and *Thomas* and hold that a criminal indictment automatically precludes a plaintiff from pursuing a bad faith claim against an insurance company – particularly in cases like this one where an insured is indicted after an insurance company decides not to honor its policy.[1] Indeed, if an insured is indicted *after* an insurance company has already refused to honor a claim, then the indictment is of little, if any, value in determining whether the insurance company had reasonable justification for the denial because, under Ohio law, an insurance company must have a reasonable justification at the time it refuses to honor its policy. *See Zoppo,* 644 N.E.2d at 400 ("[A]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish

---

[1]On October 24, 1997, Hartford notified Rose that it would not honor its insurance policy. Rose was indicted on the arson charges in January of 1998.

Nevertheless, the district court's abuse of its discretion could amount to a harmless error if adding Rose's proposed amendment would have been futile. *See, e.g., Jet, Inc.,* 165 F.3d at 425 (holding that magistrate judge's denial of motion to amend without providing an explanation was harmless because "[t]he futility of amending [the plaintiff's] complaint would have been appropriate grounds on which to deny the motion to amend."). A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 382-83 (6th Cir. 1993).

In this case, Hartford argues that the district court's decision should be affirmed because there is evidence in the record, i.e., Rose's criminal indictment on arson charges, that shows that adding Rose's bad faith claim would have been futile. The district court, however, could not have properly considered Rose's indictment on criminal charges on a Rule 12(b)(6) motion to dismiss. Because the criminal indictment qualifies as a "matter[ ] outside the pleading," the district court would have had to treat a Rule 12(b)(6) motion and accompanying indictment as a motion for summary judgment. *See* FED. R. CIV. P. 12(b)(6) (stating that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). Hartford claims that Rose's proposed amendment is futile because the district court would have eventually granted summary judgment in the insurance company's favor once the district court considered the criminal indictment. The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. Because the proposed bad faith claim could withstand a Rule 12(b)(6) motion to dismiss, Rose's proposed

amendment was not futile. Thus, the district court's abuse of discretion in this case does not amount to a harmless error.

Hartford also argues that the district court's dismissal of Rose's motion to amend should be affirmed because the district court could have taken judicial notice of the criminal indictment pursuant to Federal Rule of Evidence 201. Rule 201 states in part that:

**(a) Scope of rule.** This rule governs only judicial notice of adjudicative facts.

**(b) Kinds of Facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**(c) When discretionary.** A court may take judicial notice, whether requested or not.

\* \* \*

**(e) Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

\* \* \*

FED. R. EVID. 201. Although a district court has discretion to take judicial notice of adjudicative facts pursuant to Rule 201, the district court in this case did not necessarily take judicial notice of Rose's criminal indictment. Because the district court did not set forth an explanation for its decision to deny Rose's motion to amend his complaint, it is impossible to tell on appeal whether the district court properly took judicial notice of the indictment pursuant to Rule 201. Furthermore, Rule 201(e) requires the district court to give a party an

opportunity to be heard if judicial notice is taken. *See, e.g., Lussier v. Runyon,* 50 F.3d 1103, 1114 (1st Cir.) (holding that district court erred when it took judicial notice without giving parties an opportunity to be heard), *cert. denied,* 516 U.S. 815 (1995). Because Rose was not given an opportunity to address the judicial notice issue either before or after the district court denied his motion to amend, and because the district court did not necessarily take judicial notice of the criminal indictment in this case, the district court's decision to deny the motion to amend without any explanation does not amount to a harmless error.

### B. Rose's Indictment and His Bad Faith Claim

We also disagree with Hartford's claim that Ohio courts have created a per se rule that precludes a plaintiff who has been indicted on arson charges from bringing a bad faith claim against an insurance company when the company refuses to honor its fire insurance policy. The Ohio Supreme Court has held that an insurance company does not act in bad faith when it refuses to honor an insurance policy as long as the company has a reasonable justification for refusing to honor a claim. *Zoppo v. Homestead Ins. Co.,* 644 N.E.2d 397, 399-400 (Ohio 1994); *see also Thomas v. Allstate Ins. Co.*, 974 F.2d 706, 711 (6th Cir. 1992) ("The test, therefore, is not whether the defendant's conclusion to deny benefits was correct, but whether the decision to deny benefits was arbitrary or capricious, and there existed a reasonable justification for the denial."). Hartford claims that a grand jury indictment on arson charges is irrefutable proof that an insurance company had a reasonable justification for denying a fire insurance claim.

Although Hartford fails to cite any Ohio cases directly on point, it does rely on two unreported cases from the U.S. District Court for the Northern District of Ohio. *See Thomas v. Allstate Ins. Co.*, 1:96-CV-1529, slip op. at 3-8 (N.D. Ohio Aug. 15, 1997); *Auto-Owners Mut. Ins. Co. v. Koenig*, 3:94-CV-7201, slip op. at 3-6 (N.D. Ohio Aug. 31, 1995). In *Koenig*, for instance, the district court concluded that a