NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0854n.06

No. 11-6146

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 07, 2012*

LEONARD GREEN, Clerk

RANDALL THOMPSON; FRED BARNES;      )
DON MCCOMMON; PETER ALFONZO,        )
                                    )
        Plaintiffs-Appellants,      )
                                    )
v.                                  )    ON  APPEAL  FROM  THE  UNITED
                                    )    STATES DISTRICT COURT FOR THE
                                    )    WESTERN DISTRICT OF TENNESSEE
CITY OF MEMPHIS; LORENE ESSEX;      )
DWAN GILLIAM, in their official capacity, )
                                    )
        Defendants-Appellees.       )


Before:  ROGERS and STRANCH, Circuit Judges; PEARSON, District Judge.[*]


        **BENITA Y. PEARSON, District Judge.**  Plaintiffs Randall Thompson, Fred Barnes,

Don McCommon, and Peter Alfonzo ("Plaintiffs") appeal the district court's orders granting

Defendant Lorene Essex's motion to dismiss in her individual capacity, and denying

Plaintiffs' second motion to sever parties, and granting Defendant City of Memphis's

motion to dismiss in this action alleging reverse discrimination in municipal employment

under the Tennessee Human Rights Act, T.C.A. § 4–21–101 *et seq.* ("THRA")  and 42

U.S.C. § 1983.

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern
District of Ohio, sitting by designation.

Plaintiffs request that we reverse the district court's orders and remand this case to the trial court. Because the motions to dismiss of Defendants Lorene Essex ("Essex") and City of Memphis ("the City") and Plaintiffs' second motion to sever were correctly decided, we affirm the district court's judgment.

## I. BACKGROUND

### A.    Factual Background

The allegations in the complaint arise from an investigation that Plaintiffs allege led to arbitrary discrimination and retaliation by Defendants. Plaintiffs, who are Caucasian, are employed by the City's Public Works Division. Compl. at ¶ 9. They held various positions categorized as management. Plaintiffs alleged they "have been consistently denied promotions and disciplined by Plaintiff's (sic) while African American City of Memphis Public Works employees were promoted and not subjected to such discipline." Compl. at ¶ 10. They further asserted "Defendant's (sic) have (i) failed to pay Caucasian employees on par with the pay of African American employees; (ii) failed to promote Caucasian employees fairly; (iii) failed to effectively enforce procedures and policies prohibiting race discrimination; and (iv) retaliated against employees who have protested Defendants' discriminatory policies, procedures and/or patterns." Compl. ¶ at 11. Plaintiffs allege they "and the class of Caucasian employees at the City of Memphis have been treated differently from similarly situated African American managers" and "[b]ased on their race, employees such as Plaintiffs have been arbitrarily disciplined and denied promotional opportunities and other benefits of employment." Compl. at ¶ 12.

Plaintiffs asserted "[o]n or about September 18, 2008, Plaintiffs' (sic) were arbitrarily disciplined [by Defendants] for alleged discrimination and misconduct" and prior to that date, "Defendant's (sic) subjected Plaintiffs to hearings and questioning and denied Plaintiffs' counsel present (sic)." Compl. at ¶¶ 13-14. Plaintiffs allegedly "later learned that this questioning was used against them in order to issue the discipline on September 18, 2008." Compl. at ¶ 15. Plaintiffs claim "Defendants['] selection of Plaintiffs for arbitrary discipline was intentional and based upon Plaintiffs' race (Caucasian)." Compl. at ¶ 16.

Moreover, Plaintiffs asserted "Defendant City of Memphis, has consistently provided a racially hostile working environment and has not taken remedial actions to resolve the racially hostile environment other than to discipline Plaintiffs for false allegations." Compl. at ¶ 17. Plaintiffs claim "Defendants, have engaged in a systemic policy of unlawful practices of discrimination by creating a pervasive hostile environment based upon race, color, or national origin with respect to arbitrary discipline, grading practices and in the awarding of raises and promotions to the Plaintiffs and others similarly situated in violation of the Tennessee Human Rights Act." Compl. at ¶ 41. Plaintiffs also claim "Defendants have engaged in conduct designed to deny Plaintiffs and other similarly situated (sic) benefits to which they are entitled in violation of their rights under the 14th Amendment of the United States Constitution to due process and equal protection under the law." Compl. at ¶ 43. Finally, Plaintiffs asserted "Defendants retaliated against the Plaintiff[s] and others similarly situated by creating a pervasive hostile environment in retaliation for the Plaintiff's

(sic) complaints regarding the arbitrary discipline and denial of workplace opportunities based upon race" in violation of the THRA and 42 U.S.C. § 1983. Compl. at ¶ 46.

In their proposed individual amended complaints for each plaintiff, Plaintiffs alleged discrimination with respect to the terms and conditions of employment due to the plaintiff's race (Caucasian). Plaintiffs collectively pled that they "[have] been subjected to unfair and unequal treatment between [them] and members of other races." Proposed Amd. Compls. at ¶ 9. Similarly, Plaintiffs alleged that they were "arbitrarily disciplined for alleged discrimination and misconduct." Thompson Proposed Amd. Compl. at ¶ 12; Barnes Proposed Amd. Compl. at ¶ 12; Alfonso Proposed Amd. Compl. at ¶ 10; McCommon Proposed Amd. Compl. at ¶ 10. Plaintiffs alleged that they were denied pay raises that were given to other similarly situated, non-Caucasian employees. Thompson Proposed Amd. Compl. at ¶¶ 10-11; Barnes Proposed Amd. Compl. at ¶¶ 10-11; McCommon Proposed Amd. Compl. at ¶¶ 19-20.

Plaintiffs also claimed that the City's investigation of the Plaintiffs was not "fair and unbiased" because the City "failed to include all employees including those who had been transferred to other departments during the period covered in the allegations against the Plaintiff[s]." Thompson Proposed Amd. Compl. at ¶¶ 14-15; Barnes Proposed Amd. Compl. at ¶¶ 15-16; Alfonso Proposed Amd. Compl. at ¶¶ 11-12; McCommon Proposed Amd. Compl. at ¶¶ 11-12. The proposed individual amended complaints also added new background facts regarding how, after Plaintiffs were suspended by the City, they appealed their suspension to the Civil Service Commission which ordered reinstatement, the state

4

court denied the City's appeal for relief from the Civil Service decision, and Plaintiffs were reinstated.

## B.    Procedural History

Plaintiffs filed a putative class action complaint[1] against the City, Essex (the City's former Director of Human Resources), and Dwan Gilliam (the City's Director of Public Works) in the Chancery Court of Shelby County, Tennessee (R. 1-1).  Defendants then removed the case to the U.S. District Court for the Western District of Tennessee based on federal question jurisdiction (R. 1).  The complaint alleged (1) discrimination under the THRA; (2) discrimination under 42 U.S.C. § 1983, claiming a violation of their Fourteenth Amendment due process and equal protection rights; (3) retaliation under the THRA; and (4) retaliation under § 1983.

The case was set for a scheduling conference.  Prior to the conference, counsel for the parties agreed to a schedule that was approved by the district court.  The trial court entered a scheduling order (R. 7) that adopted February 17, 2010 as the date for amending the pleadings.

Essex and Gilliam filed separate motions to dismiss.  R. 22 and 31.  A hearing was held before the district judge on June 22, 2010.  On June 29, 2010 an order dismissing

---

[1]On November 10, 2010, the district court granted the City's unopposed motion to dismiss Plaintiffs' class action claims.  *See* Order (R. 37).

Essex and Gilliam was entered by the trial court. R. 34.[2]  With regard to Essex, the district

court stated:

> "[D]iscrimination is not a plausible conclusion"of Plaintiffs' factual allegations.
> [*Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)].  Nor is retaliation.  Accordingly,
> Plaintiffs have not demonstrated entitlement to relief under the THRA or
> Section 1983.  Additionally, . . . Plaintiffs have neglected to allege sufficient
> facts to impose individual liability on Defendant Essex under the THRA or
> Section 1983.

R. 34 at 5-6.  In the alternative, the trial court found Essex was entitled to qualified

immunity for Plaintiffs' discrimination claim under § 1983.  R. 34 at 10.

In the June 29, 2010 order, the trial court also denied Plaintiffs' request to amend

their complaint[3] for three reasons.  First, Plaintiffs had not properly moved to amend the

complaint because the request was contained within their motion response and not filed

separately as an appropriately supported motion.  Second, the request was untimely.

Third, the proposed amendments would be futile.  R. 34 at 11-13.

On February 18, 2011, the City filed a motion to dismiss (R. 42).  In response to the

motion, Plaintiffs requested that the district court sever Plaintiffs' cases and that they be

allowed to file individual complaints.  R. 45.  This was, in effect, a request that Plaintiffs be

allowed to file severed amended complaints.  On April 7, 2011, the district court entered

an order that provided:  "A facial examination of Plaintiffs' complaint clearly shows that

---

[2]Plaintiffs have not appealed the district court's decision dismissing their claims
against Gilliam.  Appellants Br. at 13.

[3]The request was set forth in Plaintiffs' response to Essex's motion to dismiss (R.
26 at 4 and 5).  According to the district court, Plaintiffs' counsel also made a similar
request during oral argument.  R. 34 at 11.

Plaintiffs set forth only a series of conclusory allegations that fall short of the *Twombly* requirement." R. 47 at 1. The trial court held the City's motion in abeyance, and allowed Plaintiffs 20 days to file a motion to amend and sever accompanied by complaints meeting the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) pleading standards. R. 47 at 2.

On April 27, 2011, Plaintiffs filed a motion to sever parties (R. 48). Plaintiffs attached copies of their proposed individual complaints. On June 6, 2011, the district court entered an order (R. 50) denying the motion without prejudice because the proposed individual complaints added new claims beyond the claims raised in the original complaint. The order allowed Plaintiffs 10 days to refile their motion to sever with individual complaints that complied with the April 7, 2011 order. R. 50 at 3.

On June 16, 2011, Plaintiffs filed a second motion to sever parties to allege individual claims of discrimination so they could pursue their claims separately. R. 51. Plaintiffs again attached a copy of their proposed individual amended complaints for each plaintiff. R. 51-2, 51-3, 51-4, and 51-5.[4] A hearing was held before a magistrate judge. On July 22, 2011, the magistrate judge entered an order denying Plaintiffs' second motion to sever parties and a report recommending that the City's motion to dismiss be granted. R. 55. The order stated:

> The court finds that while the four proposed Amended Complaints add more details about the factual background of the case, the Complaints still do not contain sufficient factual allegations to plausibly support claims of racial

---

[4]Whether the individual plaintiffs should be severed is not at issue.

7

> discrimination and retaliation. . . [T]he allegations in the proposed Severed Amended Complaints are not materially different from the allegations contained in the original Complaint that the district judge opined did not meet the Twombly standard. Any additional facts contained in the Severed Amended Complaints are, at best, conclusory.

R. 55 at 9-10.[5] The magistrate judge found that the motion to sever was really a motion to amend by restating conclusory allegations which fall short of the *Twombly* pleading standards. R. 55 at 3-4; 11. He also found that "Plaintiffs' amendment would be futile because the proposed Amended Complaints fail to state a claim under Fed. R. Civ. P. 12(b)(6)." R. 55 at 4.

Over Plaintiffs' objection, the district court adopted the magistrate judge's report and recommendation (R. 57) and dismissed the remainder of the case (R. 58). The trial court found that "severance would be a nullity and the complaint would be deficient as to viable claims under applicable law." R. 57 at 1. Additionally, the trial court found that "Plaintiffs' complaint is merely a restatement of Plaintiffs' conclusory allegations coupled with a formulaic recitation of the statutory elements [,which] is insufficient to meet the threshold Rule 12(b)6) standard." R. 57 at 1. Plaintiffs' timely appeal followed.

## II. DISCUSSION

### A. Standards of Review

We review a district court's grant of a motion to dismiss *de novo*. *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 727 (6th Cir. 2009). We must construe the

---

[5]According to the district court, Plaintiffs' counsel conceded at the hearing that the allegations in the proposed individual amended complaints are essentially the same as the allegations contained in the original complaint. R. 55 at 10.

complaint in the light most favorable to the plaintiff and accept all allegations as true. *See Harbin–Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Twombly,* 550 U.S. at 555). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570.

Generally, we review the denial of a motion to amend under the abuse of discretion standard, "unless the motion was denied because the amended pleading would not withstand a motion to dismiss, in which case the standard of review is *de novo*." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008).

**B.     The City's Motion to Dismiss**

Having carefully considered the record, as well as Plaintiffs' arguments, we conclude that Plaintiffs have advanced no arguments on appeal that would merit reversing the district court's dismissal of the complaint against the City.[6]

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Twombly,* 550 U.S. at 564. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[6]The record on appeal contains no transcript of the hearing held before the magistrate judge. *See* 28 U.S.C. § 753(f); Fed. R. App. P. 10(b).

9

*Iqbal,* 556 U.S. at 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly,* 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

Plaintiffs' complaint does not satisfy these standards.

## C.     Essex's Motion to Dismiss

Plaintiffs summarily argue that the district court should have allowed leave to amend to consider additional facts outside the complaint with regard to the THRA claims against Essex.  Appellants Br. at 13.  A careful review of Plaintiffs' brief on appeal, however,

reveals that they have failed to identify why they are entitled to relief against Essex under the THRA and 42 U.S.C. § 1983.[7]

Upon our own *de novo* review, we find that Plaintiffs have failed to state a claim against Essex upon which relief can be granted. The district court stated that Plaintiffs' counsel admitted at oral argument that Essex's alleged actions were taken while acting in her capacity as Director of Human Resources. R. 34 at 7 and 8.[8] Therefore, Essex cannot be individually liable under the THRA under an accomplice liability theory. *Welles v. Chattanooga Police Dep't.*, No. 1:07-CV-71, 2007 WL 3120823, at \*4 (E.D. Tenn. Oct. 23, 2007) (finding that there is no individual liability under the THRA for the alleged actions of a former chief of police where there is no indication his actions were outside the scope of his employment as chief); *Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp. 2d 696, 706 (W.D. Tenn. 2005) (granting motion to dismiss claim for individual liability under THRA against regional manager where employees did not allege that regional manager either aided, abetted, incited, compelled or commanded an employer to engage in a discriminatory act or practice).

---

[7]Plaintiffs have waived appeal of the decision of the district court with regard to the § 1983 claims against Essex because they have failed to raise arguments in opposition on appeal. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005) ("[A party's] failure to raise an argument in his appellate brief constitutes a waiver of the argument on appeal."). The same can be said for the claim against the City for discrimination under 42 U.S.C. § 1983, claiming a violation of Plaintiffs' Fourteenth Amendment equal protection rights.

[8]However, there is no transcript in the record on appeal of the hearing culminating in the June 29, 2010 court order granting Essex's motion to dismiss in her individual capacity.

**D.      Plaintiffs' Requests for Leave to Amend and Second Motion to Sever Parties**

Plaintiffs have not established that the district court should have granted them leave to amend the complaint.   Plaintiffs did not properly seek leave to amend to consider additional facts outside the complaint with regard to the THRA claims against Essex.  We disfavor such bare requests and they are not a substitute for a properly filed motion for leave to file an amended complaint. *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000); *see also Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010).

The request to amend the complaint with regard to the THRA claims against Essex was also untimely.   The district court entered a scheduling order (R. 7) that adopted February 17, 2010 as the date for amending the pleadings.  Plaintiffs' request regarding Essex was not made until April 19, 2010, at the earliest.  According to Fed. R. Civ. P. 16(b)(4), where the Court has entered a scheduling order that limits the time to amend the pleadings, the schedule "may be modified only for good cause and with the judge's consent."  *See Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x. 369, 376 (6th Cir. 2009) (holding the district court did not abuse its discretion in denying motions to amend).

Finally,   the   proposed   amendments   would   be   futile.    Plaintiffs   stated   in   their Response to Essex's Motion to Dismiss (R. 26) that they wished to amend the complaint to include allegations that "Essex encouraged the City of Memphis to terminated (sic) their employment or discipline Plaintiffs and/or prevent City of Memphis from taking action to

12

prevent discrimination in the workplace." R. 26 at 4.  We agree with the district court that these allegations are merely conclusions not supported by well-pled factual allegations and they would not withstand a Rule 12(b)(6) motion to dismiss.  *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (holding that a proposed amendment is futile if the complaint, as amended, would not withstand a motion to dismiss for failure to state a claim).  The district court thus did not err in denying Plaintiffs' request to amend the complaint with regard to the THRA claims against Essex.

The district court also did not err in denying Plaintiffs' second motion to sever parties with regard to the claims against the City.  Contrary to Plaintiffs' argument (Appellants Br. at 10), the allegations of Plaintiffs' proposed severed amended complaints fail to meet the pleading requirements of *Twombly*.  "When a proposed amended complaint does not state a cause of action, a motion to amend is properly denied." *Matthews v. Jones*, 35 F.3d 1046, 1050 (6th Cir. 1994) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980)).  Therefore, amendment of the complaint would have been futile.

## III.  CONCLUSION

For these reasons, we affirm the judgment of the district court.