NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

ADDICTION AND DETOXIFICATION INSTITUTE
L.L.C.,
*Plaintiff-Appellant*

**v.**

**JAMES CARPENTER, RICARDO BORREGO,
MICHAEL MICHAEL, DBA EAGLE
ADVANCEMENT INSTITUTE,**
*Defendants-Appellees*

---

2014-1797

---

Appeal from the United States District Court for the Eastern District of Michigan in No. 5:14-cv-10021-JCO-MJH, Judge John Corbett O'Meara.

---

Decided: July 21, 2015

---

THOMAS KEITH MIRABILE, Mirabile Law Firm, Wheaton, IL, argued for plaintiff-appellant.

KRISTOPHER K. HULLIBERGER, Howard & Howard Attorneys, PLLC, Royal Oak, MI, argued for defendants-appellees.

---

Before MOORE, BRYSON, and CHEN, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* MOORE.

Dissenting opinion filed by *Circuit Judge* BRYSON.

MOORE, *Circuit Judge.*

Addiction and Detoxification Institute L.L.C. appeals from the United States District Court for the Eastern District of Michigan's dismissal of a patent infringement complaint filed against James Carpenter, Ricardo Borrego, Michael Michael, and Eagle Advancement Institute under Federal Rule of Civil Procedure 12(b)(6). Because the complaint failed to satisfy the notice requirements of Federal Rule of Civil Procedure 8, we *affirm*.

## BACKGROUND

Addiction and Detoxification, the assignee of U.S. Patent No. 5,789,411, filed a complaint alleging that Defendants infringed the '411 patent. The complaint contained a single allegation of direct infringement: "[i]n violation of [Addiction and Detoxification]'s exclusive rights under the patent laws of the United States, Defendants' [sic], each of them, have directly infringed the Patents [sic] by making, using, selling, offering for sale in the United States activities, methods and procedures claimed in the Patent, Exhibit 1." Complaint ¶ 12, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, No. 5:14-cv-10021-JCO-MJH (E.D. Mich. Jan. 3, 2014), ECF No. 1 ("Original Complaint"). The complaint contained a single allegation of indirect infringement: "Defendants' [sic] have induced infringement of and/or contributorily infringed the Patent." *Id.* ¶13.

Defendants moved to dismiss. They argued that Addiction and Detoxification's claim of direct infringement failed to satisfy Rule 8 because it did not follow Form 18

in the Appendix of Forms to the Federal Rules of Civil Procedure. They argued that Addiction and Detoxification's claim of indirect infringement failed to satisfy Rule 8 because it did not allege any facts showing that Defendants had the specific intent to cause infringement.

In response, Addiction and Detoxification moved to file an amended complaint. The proposed complaint included additional allegations with regard to indirect infringement, for example, that Defendants acted "with specific intent to urge, instruct, encourage" infringement by "causing[,] urging, aiding, or instructing others to perform one or more claimed methods of the '411 patent, and acts which infringe one or more claims of the '411 patent" and that Defendants acted "with specific intent to induce third parties to infringe the '411 patent." First Amended Complaint ¶¶ 17–18, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, No. 5:14-cv-10021-JCO-MJH (E.D. Mich. Jan. 3, 2014), ECF No. 16-1 ("First Amended Complaint"). Addiction and Detoxification did not revise the direct infringement allegations in the First Amended Complaint. *Id.* ¶ 12.

The district court granted Defendants' motion to dismiss the Original Complaint and denied Addiction and Detoxification's motion to amend. In dismissing the complaint, the district court relied on an earlier opinion from the same district concluding that to satisfy Form 18, a complaint must allege that the defendants were notified of infringement before the complaint was filed. Accordingly, the court dismissed the direct infringement claim because neither the Original Complaint nor the First Amended Complaint contained allegations that Defendants had pre-filing notice of the alleged infringement. J.A. 3. It dismissed the indirect infringement claim because neither the Original Complaint nor the First Amended Complaint contained allegations of pre-filing notice or facts supporting the contention that Defendants specifically intended to cause infringement. J.A. 3–4.

Addiction and Detoxification appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

Because they are not unique to patent law, the grant of a motion to dismiss for failure to state a claim and the denial of a motion to amend a complaint are reviewed under the applicable law of the regional circuit. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012); *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1480 (Fed. Cir. 1990). Under Sixth Circuit law, a district court's dismissal under Rule 12(b)(6) is reviewed de novo, *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 456 (6th Cir. 2011), and a district court's denial of a motion to amend a complaint is reviewed for abuse of discretion, *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

"Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). To survive a motion to dismiss, a complaint must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed.

A motion to dismiss a claim of direct infringement, however, will not be granted if the complaint follows Form 18. *In re Bill of Lading*, 681 F.3d at 1334; Fed. R. Civ. P.

84 ("The forms in the Appendix suffice under these rules . . . ."). We have held that a complaint that complies with Form 18 will satisfy Rule 8 because Form 18 has the force of law and was enacted by Congress. *See, e.g.*, *In re Bill of Lading*, 681 F.3d at 1334 ("to the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control"). However, as Form 18 applies only to direct infringement, we have rejected the idea that it provides a model for other causes of action, such as indirect infringement. *Id.* at 1336. For other patent-related claims, such claims must comply with *Twombly* and *Iqbal*. *See id.*

## I. Direct Infringement

With regard to Addiction and Detoxification's direct infringement claim, the district court erred to the extent it required that the complaint include an allegation of pre-filing written notice. Paragraph 4 of the complaint in Form 18 states that "[t]he plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all electric motors it manufactures and sells and has given the defendant written notice of the infringement." Fed. R. Civ. P. Form 18. The district court erred to the extent it held that this portion of the Form creates a legal requirement that written notice be given *before* a complaint can be filed. Pre-filing notice could be relevant to a damages calculation, such as where an apparatus embodying the patent claims is not marked. *See, e.g.*, 35 U.S.C. § 287 ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter . . . ."). Pre-filing notice, however, is not required to bring a suit for direct infringement. *See, e.g., id.* ("Filing of an action for infringement shall constitute such notice."). There is no rule, statute, or appellate

case suggesting that pre-filing notice is required before bringing suit.

Nonetheless, we affirm the dismissal of the direct infringement claim. We may affirm a dismissal under Rule 12(b)(6) for any reason supported by the record. *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). Paragraph 3 of the complaint in Form 18 states that "[t]he defendant has infringed and is still infringing the Letters Patent by making, selling, and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court." Fed. R. Civ. P. Form 18. Form 18 notifies the defendant about what is being accused of infringement—electric motors. The factual allegation that a particular device infringes provides the notice required in a complaint. It allows the defendant to understand the nature of the suit and prepare an answer.

Addiction and Detoxification's complaint only alleges that Defendants infringe by "making, using, selling, offering for sale in the United States activities, methods and procedures claimed in the Patent." Original Complaint ¶ 12. Although Form 18 does not include much detail, it does allege that the defendant makes, sells, and uses "electric motors" that embody the patented invention. Fed. R. Civ. P. Form 18. This is at least *some* identification of specific products. The bare allegation that Defendants make, use, sell, and offer for sale undefined "activities, methods, and procedures" provides no detail whatsoever that would put Defendants on notice as to what activity, method, or procedure is alleged to infringe. Original Complaint ¶ 12. Such bare allegations do not comply with the complaint provided in Form 18. It is not enough to say "you infringe my patent." And that is all that is alleged in Addiction and Detoxification's complaint. There must be some allegation of specific services or products of the defendants which are being accused. Here, the Original Complaint does not comply with Form

18. And when a complaint does not comply with Form 18, it does not fall within the safe harbor created by Rule 84. We thus affirm the dismissal of the direct infringement claim. The district court did not abuse its discretion when it denied the motion to amend the complaint with respect to the direct infringement claim because Addiction and Detoxification did not amend its direct infringement allegations in the First Amended Complaint. *See Thiokol Corp. v. Dep't of Treasury, Mich., Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993) (holding that a proposed amendment to a complaint is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss).

## II. Indirect Infringement

The district court properly dismissed Addiction and Detoxification's indirect infringement claim. The Original Complaint alleged that "Defendants' [sic] have induced infringement of and/or contributorily infringed the Patent." Original Complaint ¶ 13. To state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). The Original Complaint contains no allegations regarding intent or any specific acts caused by Defendants. "To state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337. The Original Complaint contains no allegations regarding substantial non-infringing uses. Simply repeating the legal conclusion that Defendants induced infringement or contributorily infringed does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. We thus affirm the dismissal of the indirect infringement claim in the Original Complaint.

The district court did not abuse its discretion when it denied the motion to amend the complaint as futile with respect to the indirect infringement claim. The First Amended Complaint stated that Defendants acted "with specific intent to urge, instruct, encourage" infringement by "causing[,] urging, aiding, or instructing others to perform one or more claimed methods of the '411 patent, and acts which infringe one or more claims of the '411 patent" and that Defendants acted "with specific intent to induce third parties to infringe the '411 patent." First Amended Complaint ¶¶ 17–18. The First Amended Complaint did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement and dropped any allegation that Defendants contributorily infringed the patents. Rather, the First Amended Complaint simply recites the legal conclusion that Defendants acted with specific intent. The district court did not abuse its discretion when it denied the motion to amend the complaint with respect to the indirect infringement claim.

CONCLUSION

We affirm the district court's dismissal of the complaint and denial of the motion to amend.

**AFFIRMED**

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADDICTION AND DETOXIFICATION INSTITUTE L.L.C.,**
*Plaintiff-Appellant*

**v.**

**JAMES CARPENTER, RICARDO BORREGO, MICHAEL MICHAEL, DBA EAGLE ADVANCEMENT INSTITUTE,**
*Defendants-Appellees*

---

2014-1797

---

BRYSON, *Circuit Judge,* dissenting.

The majority concludes that the district court properly dismissed the plaintiff's claim of direct infringement because the complaint "provides no detail whatsoever that would put Defendants on notice as to what activity, method, or procedure is alleged to infringe." I disagree with the majority that the complaint fails to satisfy the requirement of Rule 8, Fed. R. Civ. P., of "a short and plain statement of the claim showing that the pleader is entitled to relief," particularly in view of Form 18, Fed. R. Civ. P., which contains a form complaint for patent infringement that is not materially different from the complaint in this case.

The majority acknowledges that a complaint modeled on Form 18 would be sufficient. The only difference that the majority points to between the Form 18 complaint and the complaint in this case is that the Form 18 complaint, which is directed to infringement of a product claim, identifies the accused products as "electric motors that embody the patented invention." Because the complaint in this case is directed to a patent consisting entirely of method claims (including several "therapy" claims), it is not possible to identify a particular item as the infringing product. Instead, the complaint alleges that the defendants, who engage in a business that includes "the use, marketing and sale of procedures and methods that infringe [the plaintiff's U.S. Patent No. 5,789,411]," have directly infringed the patent "by making, using, selling, [and] offering for sale in the United States activities, methods and procedures claimed in the Patent," which are methods and therapies for detoxifying a patient who is addicted to one or more opioids.

Unlike the "electric motors" referred to in Form 18, a method or procedure, such as a method or therapy for detoxifying patients, may not have a shorthand name. Hence, it is unclear that the plaintiff could do more by way of identifying the accused methods than to identify them as the "activities, methods, and procedures claimed in the Patent."

The majority states that in order to avoid dismissal, the complaint should have contained "some allegation of specific services or products of the defendants which are being accused." But it is not clear how much more detail the majority would require.

If the majority would be satisfied by an allegation regarding the defendants' services, such as that the defendants "engage in methods and therapies for detoxifying patients addicted to one or more opioids," then the dismissal in this case is pointless. The complaint puts the

defendants on notice that they are being accused of employing detoxification methods and therapies directed at patients who are addicted to opioids. Adding such language to the complaint would add nothing to the defendants' knowledge as to what they are being accused of. The complaint, particularly as amended, makes clear that the plaintiff's allegations relate to the use of the detoxification therapies recited in the '411 patent. The defendants have not denied that they engage in detoxification procedures. Their defense is that they do not administer diarrhea suppressants to patients, as is required by each claim of the '411 patent. The amended complaint thus tells the defendants what they are being charged with and enables them to formulate a defense that, if their factual allegations are correct, should be dispositive in their favor. This is not a case in which the defendants have been left to guess about which of their services is being accused of infringement.

Similarly, to the extent that the majority finds the complaint wanting because it does not specifically call out each of the limitations of the claims, such as by alleging that the defendants sedate patients with an anesthetic agent, administer a diarrhea suppressant, inject an opioid antagonist, and then revive the patient, no such allegations are required. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and holding that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent"). In any event, requiring that such allegations be included would give the defendants no more information than they already have from the complaint in this case.

If the majority's reference to "products" means that it would require the complaint to contain detail regarding the products that the defendants use in their therapies— such as allegations identifying the specific drugs that the

defendants administer to patients—that degree of specificity would be far greater than what is required by Rule 8 and Form 18 and would depart from the principles of notice pleading that are embodied in the Federal Rules of Civil Procedure. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (citation omitted)).

With respect to the allegations of indirect infringement, the proper focus should be on the sufficiency of the proposed amended complaint, not the original complaint. The district court denied the plaintiff's motion to amend on the ground that the amended complaint was insufficient and that allowing the amendment would therefore be futile. Because I believe the amended complaint is sufficient to satisfy Rule 8, I would reverse as to the claim of indirect infringement as well.

The amended complaint alleges that the individual defendants have had actual knowledge of the patent since at least the filing date of the original complaint, and that they induced infringement by others through their "complete dominion and control" over Eagle Advancement Institute, "causing[,] urging, encouraging, aiding or instructing others to perform one or more claimed methods of the '411 patent and acts which infringe one or more claims of the '411 patent." The complaint further alleges that the individual defendants acted "with specific intent to urge, instruct, [and] encourage such infringement" by continuing their alleged infringing activities "with knowledge of the '411 patent."

The majority finds fault with the amended complaint because of its failure to "include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement" and instead "simply recites

the legal conclusion that Defendants acted with specific intent."

Once again, the majority does not explain why the allegations in the amended complaint are insufficient to plead specific intent, nor does it make clear what factual allegations would be required to do so. The amended complaint specifically alleges that the individual defendants had knowledge of the '411 patent at least as of the filing of the original complaint. It also alleges that the individual defendants' capacity to induce infringement derived from their "complete dominion and control" over Eagle Advancement Institute. Any other facts relating to the issue of intent, such as specific directions by the individual defendants to continue the allegedly infringing activities after notice of the original complaint, might be evidence of specific intent, but in a system of notice pleading, a detailed evidentiary recitation is not necessary to a valid statement of a legal claim.

If the consequence of our affirmance of the dismissal in this case were merely to require the plaintiff to add a reference to the required steps of the claimed detoxification program and a statement that continued operation of the program with knowledge of the patent evinces specific intent to induce infringement, the decision in this case would serve no purpose, but it would also do little harm. However, the district court's refusal to allow the plaintiff to amend its complaint suggests that the court may regard this case as over, and that any effort by the plaintiff to further amend the complaint so as to comply with this court's requirements would be rejected. If that is so—and there is nothing in the majority opinion to suggest that the district court should allow the plaintiff an opportunity to file a second amended complaint—then we will have extinguished a party's claims on a basis other than the merits for reasons wholly insufficient to justify such a measure. I therefore respectfully dissent.