NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0524n.06

No. 18-1192

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JULIE PEFFER; JESSE PEFFER, | ) | **FILED** |
| | ) | Oct 22, 2018 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| TYLER THOMPSON; DAN KING; RICH | ) | COURT FOR THE WESTERN |
| KOPACH, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: KEITH, COOK, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Julie and Jesse Peffer filed this action pursuant to 42 U.S.C. § 1983 against Tyler Thompson, former Osceola County prosecutor, Dan King, a Michigan State Police officer, and Rich Kopach, an Osceola County deputy sheriff. The Peffers alleged claims of First Amendment retaliation and false light invasion of privacy. The district court dismissed the case for failure to state a claim upon which relief could be granted. We AFFIRM.

I.

The factual allegations in the Peffers' complaint are insufficient to allow us to piece together the events leading up to the filing of this § 1983 claim. Information gleaned from subsequent motions offers some assistance. In June 2012, Jesse was charged in Mecosta County, Michigan, with possessing marijuana with intent to deliver and conspiracy to possess marijuana with intent to deliver. Then, in early 2014, he was charged in Osceola County, Michigan, with unlawful possession of marijuana with intent to deliver, manufacturing marijuana, and maintaining

a drug house. To resolve the charges, Jesse apparently pleaded nolo contendere to false pretenses in each county. He was sentenced to two days in jail and given no probation. Julie was apparently charged with conspiracy to deliver marijuana in late 2012. According to the Peffers, Julie "negotiated a complete dismissal of the criminal charges against her in exchange for signing a consent judgment for the civil forfeiture" of money. The Peffers contend that their marijuana-related activities comported with the Michigan Medical Marihuana Act, Mich. Comp. Laws § 333.26421 *et seq.*, although we note that no legal determination was made to that effect.

In June 2014, Thompson, allegedly with the assistance of King and Kopach, filed two affidavits with the Osceola County Register of Deeds for properties allegedly owned by the Peffers; those affidavits stated:

> Affiant is aware that facts, conditions, and/or events that are contained in search warrants and police reports . . . that may lead to a complaint for forfeiture of real property . . . pursuant to MCL 333.7521 et seq. MCL 333.7521, et seq. allows for the seizure and forfeiture of real property obtained as a result of, or used, or intended to be used to facilitate a violation of the drug laws of Michigan.

The Peffers contend that the defendants filed these affidavits in retaliation for their agreeing to plea deals that resulted in a lenient sentence for Jesse and dismissal of the charges against Julie.

The Peffers sued defendants on June 23, 2017, raising two claims of First Amendment retaliation under § 1983 and a claim of false light invasion of privacy under Michigan law. The defendants filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Peffers responded to the motions and subsequently moved to file an amended complaint. The district court granted the defendants' motions to dismiss and denied the Peffers' motion to amend their complaint. The court determined that the Peffers had failed to adequately plead that they were engaged in an activity protected by the First Amendment, a necessary showing

in a First Amendment retaliation claim. The court also determined that the Peffers failed to state a claim for false light invasion of privacy. The Peffers timely appealed.

## II.

We review de novo a district court's ruling on a Rule 12(b)(6) motion to dismiss. *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017). In reviewing a 12(b)(6) motion, the court must view the complaint in the light most favorable to the plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

*First Amendment Retaliation.* The Peffers first argue that the district court erred by dismissing their First Amendment retaliation claim. "For a retaliation claim to survive a motion to dismiss, '[a] § 1983 plaintiff must plead factual allegations sufficient to establish that (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.'" *Bright v. Gallia County*, 753 F.3d 639, 653 (6th Cir. 2014) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (quotation omitted) (alteration in original)).

We struggle to identify the First Amendment protected activity in which the Peffers allegedly engaged. Their complaint says that the protected activity was their "participat[ion] in the court proceedings initiated by Defendants and negotiat[ion of] a disposition that did not involve further incarceration or probation and resulted in fines and costs only."[1] Although the Peffers assert that these activities constitute First Amendment protected activity, they offer no support for that assertion. To the extent the Peffers are arguing that the protected activity was their negotiating of plea bargains, we know of no case holding that the First Amendment protects such activity, and the Peffers do not offer any. *Cf. Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain . . . ."). To the extent the Peffers are arguing that the First Amendment protects their participation in pre-trial proceedings, we again know of no precedent that says that such rights are protected by the First Amendment and, in fact, have precedent suggesting the contrary. *See Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (stating that "courts have thus far been reluctant to allow the First Amendment to intrude into the courtroom"). The Peffers contend in their brief on appeal that they were "punished for exercising their constitutionally protected right to access the courts, partially grounded in the First Amendment's protection of the right to 'petition the Government for a redress of grievances.'" But the Peffers offer no caselaw supporting their theory that the right to access courts under the Petition Clause of the First Amendment extends to a defendant's actions in a criminal proceeding. *See Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011) (stating that the Petition Clause "protects the right

---

[1] Their brief on appeal attempts to broaden the activities by stating that the First Amendment protected activity was "Jesse Peffer's refusal to become an informant, demanding that he be provided with his procedural and statutory rights such as a preliminary examination, and for both Plaintiffs to resist the accusations against them and declare their innocence." Of course, a motion to dismiss tests only the sufficiency of the allegations in the complaint itself. But even if we were to consider the actions set forth in appellate briefing, we know of no precedent that would find them protected by the First Amendment.

of individuals to appeal to courts and other forums established by the government for resolution of legal disputes").

The Peffers have thus offered no support for the claim that their alleged activities were protected by the First Amendment and have not pleaded a viable legal theory of liability against the defendants. We, therefore, agree with the district court that the Peffers failed to state a claim for First Amendment retaliation in their original complaint. *See United Food & Commercial Workers Union-Emp'r. Pension Fund v. Rubber Assocs., Inc.*, 812 F.3d 521, 524 (6th Cir. 2016) (stating that a complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory" (quotations omitted)).

The district court, moreover, did not abuse its discretion by concluding that any amendment to the complaint would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) ("When a district court denies a plaintiff's motion for leave to amend his complaint, this court generally reviews the decision for an abuse of discretion." (citation omitted)). The Peffers' proposed amended complaint offers more factual allegations as to the defendants' involvement in the pre-trial proceedings and in the subsequent recording of the affidavits. What the Peffers do not do, however, is offer any basis to conclude that they engaged in an activity protected by the First Amendment. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").

*False Light Invasion of Privacy.* The Peffers also argue that the district court erred by dismissing their false light invasion of privacy claim. The Peffers contend that the defendants committed the tort of false light invasion of privacy when they filed the affidavits with the Osceola

County Register of Deeds containing what they claim are false allegations that the Peffers had engaged in controlled substance violations.

To maintain an action for false light invasion of privacy in Michigan, "a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." *Duran v. Detroit News, Inc.*, 504 N.W.2d 715, 720–21 (Mich. Ct. App. 1993) (citation omitted). For such a claim, however, "the defendant must have known of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Detroit Free Press, Inc., v. Oakland Cty. Sheriff*, 418 N.W.2d 124, 128 (Mich. Ct. App. 1987) (citation omitted).

Even if recording an affidavit could be considered publication, the Peffers have failed to adequately plead facts to show that the defendants publicized *false* information when filing the affidavits. According to the Peffers' complaint, the affidavits were "false to the extent [they] stated that either Plaintiff had been convicted of an offense involving a violation of drug laws in Michigan" and "false to the extent [they] alleged that the conduct of Plaintiff's [sic] was not allowed by [the Michigan Medical Marihuana Act]." But contrary to the Peffers' assertions, the affidavits did neither. The affidavits do not state that either Jesse or Julie were convicted of a drug offense, only that "that facts, conditions, and/or events" related to drug activity "contained in search warrants and police reports . . . may lead to a complaint for forfeiture of real property." In addition, that the Peffers entered pleas to a non-controlled substance offense or had the charges dismissed does not make Thompson's affidavits false. "[A] criminal prosecution is not a prerequisite to a forfeiture proceeding" under the statute cited by Thompson in the affidavits. *See*

*In re Forfeiture of $53.00*, 444 N.W.2d 182, 189 (Mich. Ct. App. 1989) (citing Mich. Comp. Laws § 333.7522).

The Peffers also contend that Thompson's statements were false because he knew that the statute of limitations on the forfeiture claim had run. Neither the complaint nor the proposed amended complaint states the applicable statute of limitations provision. Only in their reply brief do the Peffers ask us to "take notice of MCL 600.5809(2) setting the statute of limitations at two years for forfeitures brought in the name of the People of the State of Michigan." But even if we were to agree that two years was the applicable limitations period, the Peffers have not offered enough factual allegations for us to assess the viability of their argument that the statute of limitations had run. The Peffers offer no facts regarding the conduct that led to the charges, when they occurred, or whether the same conduct led to the charges for Jesse and Julie. As such, we cannot assess when the forfeiture claim began to run—i.e., when it "first accrued" to Thompson or the other defendants. *See* Mich. Comp. Laws § 600.5809(1). The Peffers, therefore, did not plead sufficient factual allegations for us to reasonably infer that Thompson knew the statements in the affidavit were false because the statute of limitations had run. *See Iqbal*, 556 U.S. at 678.[2]

For these reasons, the district court did not err by dismissing the Peffers' false light invasion of privacy claim under Rule 12(b)(6).

*Immunity.* In the alternative, the defendants argued that they were protected by governmental immunity under federal and state law. Considering our conclusion that the Peffers failed to state a claim upon which relief could be granted under Rule 12(b)(6), we need not address the defendants' alternative arguments.

---

[2] In their proposed amended complaint, the Peffers offered no new allegations relating to the falsity of the evidence sufficient to overcome a motion to dismiss. We, therefore, agree with the district court that amendment would have been futile. *See Rose*, 203 F.3d at 420.

* * *

We AFFIRM the judgment of the district court in favor of defendants.

* * *